N. D. SMITH, PLF. IN REV. *v.* AMASA HILL, DEFT. IN REV.

Where the original defendant in an action at law sues out his writ of review, and the plaintiff lives out of the State, such defendant may have a good service of his writ by leaving the copy of the same with plaintiff's original attorney of record. And if beyond this, the defendant causes service to be made upon a person resident in the State, and not an original party in the suit according to the record, such latter service is not a compliance with the statute, and will be regarded as superfluous, or as a mere nullity. From the latter service no advantages can accrue to either party. No person can be brought into the suit as a party unless upon the leave of court first obtained.

IN the original action, which was assumpsit upon a promissory note, Hill sued Smith, who being without the jurisdiction, his real estate was attached and the action was continued for notice, and at the next term judgment was rendered for Hill, the then plaintiff, for the amount of said note and interest, as upon default. J. Clark, Esq., was Hill's attorney. Smith afterwards obtained leave to review and brought this action, which was duly entered, and said Clark entered a general appearance upon the docket for defendant Hill, and the cause was continued. No notice was ever given upon the docket or otherwise in the original action that any other person than Hill was interested as plaintiff. When Smith sued out his writ of review he had it served upon said Clark, as Hill resided out of the State, and also upon one Enoch Cass. But said Cass' name was never entered upon the docket, nor was there anything upon the records of this court showing that he had any interest in the suit. And now at this term the plaintiff in review is ready to try the cause by jury, but Mr. Clark suggests that said Cass is dead, and that he was, when living, a party in interest, and moves that the action be dismissed unless the administrator of said Cass will appear. Said administrator did not appear or offer to do so, and the court denied the motion to dismiss, and the defendant excepted.

Whereupon it was agreed by the parties that a verdict be taken by consent for the plaintiff in error, and the questions of law arising on the case be reserved for consideration at the Law Term.

Ordered that the questions of law arising upon the foregoing case be reserved and assigned to the Law Term.

*Burrows & Ela*, for plaintiff.

*Clark*, for defendant.

Nesmith, J. The facts disclosed in this case tend to show that Hill, as original plaintiff, recovered his judgment, as upon default, against the present plaintiff as original defendant. Smith, as such defendant, now seeks to reverse the former judgment, and accordingly brings his writ of review. The said Hill residing out of the State, the writ of review appears to have been served upon his attorney of record in the original action. This is a mode of service properly made, being in strict compliance with our statute on that subject. Chapter 194, sec. 9, Comp. Laws.

The writ of review was also served on one Enoch Cass, whose name does not appear upon the original record, as either a real or nominal party. Hence the plaintiff in review, after sueing out his writ, was in no way obliged to seek out Cass for service upon him, as he had no legal notice that he had an interest in the action. It was enough for the plaintiff that he was enabled to make due service of the process upon the original attorney in the action, and when the plaintiff had executed this duty he had discharged all that the law required of him ; and he is not now to be prejudiced by an extra-judicial service of the writ upon Cass. Cass was a stranger to the original record, and his name could not be connected with the record, except by leave of the court; no leave has been granted in any way to substitute, or insert the name of Cass, therefore, a service upon him may be regarded as a mere nullity. Hence, the motion to dismiss the action because, Cass being dead, his legal representative is not called in, must be regarded as out of order, and as properly denied.

An action on review is presumed to be between the same parties that were originally of record, and to be tried upon the original pleadings and issues in the case, unless for good cause they may have been varied by leave of court. Chap. 192, R. S. And the original plaintiff of record, who recovered his judgment, whether he be in fact the real or nominal party in interest, is treated as the responsible party, and upon the reversal of the judgment is bound to make due restitution to the injured and prevailing party. *Little* v. *Bunçe*, 7 N. H. 490.

Again the motion to dismiss an action is generally maintained for some legal defect apparent upon the face of the record, and, under our practice, should be made at the first term, and not after the attorney has entered his general appearance in the action, and an imparlance or general continuance has been once had. Sometimes this motion is entertained after a continuance of the action, but not often, unless a right to make it has been reserved under some special entry of notice upon the court's docket. The motion is treated as dilatory in its character, and is not favored when its tendency is to avoid an enquiry into the true merits of the controversy, or to operate as a bounty to negligence in pleading. *Foster* v. *Hadduck*, 6 N. H. 217. We think the court exercised a proper discretion in denying the motion of the defendant in review, and that there should be

*Judgment on the verdict.*